*D. W. Blair* and *C. N. King,* for plaintiff in error.

---

HARRIS *et al. v.* JONES *et al.*

LUMPKIN, J. A petition of "Alvin Jones et al.," addressed to the judge of the superior court of Murray county, alleged as follows: "Petitioners did heretofore, to wit, on the 8th day of January, 1913, file with the ordinary of said county a certain contest proceeding, contesting a municipal election held in the town of Chatsworth, in said county, contesting the validity of said election and the right of certain persons to hold the offices of mayor and councilmen of said town, to wit, [naming J. F. Harris and four other persons]. Upon the hearing of said contest by the ordinary, said election was held void, which decision the said J. F. Harris et al. are seeking to have set aside, and are proceeding by bill of exceptions to the Supreme Court, and in the meantime J. F. Harris et al. are holding the offices of mayor and councilmen of the said town of Chatsworth, and by the time the case can be heard in the Supreme Court will have served out the time for which they were put in office by the election which is being contested. Wherefore, the premises considered, petitioners pray that an order be granted prohibiting

the said J. F. Harris [and the other four persons named] from holding said offices or exercising any of the duties of same, or in any way or manner exercising the functions of mayor and councilmen of the said town of Chatsworth, and that process be served," etc. The petition does not appear to have been verified. *Held*, that this petition was subject to demurrer, and it was error to overrule the demurrer thereto.

(a) If the prayer sought to obtain the writ of prohibition, the petition showed no case for the grant thereof. Civil Code (1910), § 5458; 32 Cyc. 598.

(b) Whether the prayer was intended to seek the issuance of a writ of prohibition or the writ of injunction, petitioners do not show who they were, with the exception of a single named individual, or what interest he had in the offices as to which it was alleged that the contest had been filed, or whether he was a citizen or taxpayer of the municipality, or why a complete remedy could not be afforded by the writ of quo war-ranto. The allegations both as to the status of the plaintiffs in error and of the defendants in error are so meager and vague that the petition shows on its face no right to the relief prayed. Civil Code (1910), §§ 5451 et seq.; *Davis* v. *City Council of Dawson*, 90 *Ga.* 817 (2), (3), 820 (17 S. E. 110).

*Judgment reversed. All the Justices concur, except Atkinson J., absent.*

APRIL 23, 1914.

Equitable petition. Before Judge Fite. Murray superior court. May 16, 1913.

*William E. Mann,* for plaintiffs in error.

*R. Noel Steed* and *H. H. Anderson,* contra.